IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTHONY C. RUFF,

       Plaintiff,

  vs.                                      Civil Action 2:07-CV-007
                                              Judge Marbley
                                              Magistrate Judge King

TERRY COLLINS, ODRC
DIRECTOR, *et al.*,

       Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner, brings the instant *pro se* action alleging that his constitutional right of access to the courts has been violated. This matter is before the Court on defendants' motion to dismiss the complaint and motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). *Defendants' Motion to Dismiss*, Doc. No. 8 ("*Motion to Dismiss*"); *Defendants' Motion to Dismiss Amended Complaint*, Doc. No. 10 ("*Motion to Dismiss Amended Complaint*"). For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be dismissed and that the Court certify that an appeal would not be taken in good faith.

I.    BACKGROUND

On March 16, 2007, plaintiff filed the original complaint, alleging that defendants violated his constitutional rights by wrongfully denying him access to the courts. *Motion for Declaratory Judgment Request Injunction Relief Herein*, Doc. No. 5 ("*Complaint*").[1] Plaintiff

---

[1]Although plaintiff entitles this filing a motion, this Court construes the filing as a complaint. *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (stating that a *pro se* litigant's pleadings are to be construed liberally).

contends that a prison regulation, regulation number 59-LEG-01,[2] is "arbitrary and irrational" and interferes with inmates' access to the courts. *Id*. at 3. Plaintiff asks that defendants be prohibited from violating his constitutional rights, specifically, his right of access to the courts and from retaliating against plaintiff for exercising his constitutional rights through the grievance procedure and this litigation and that defendants be required to permit inmates, including plaintiff, to incur a negative balance in their prison accounts when sending out legal mail. *Id*. On April 18, 2007, defendants filed their *Motion to Dismiss*, contending that the *Complaint* fails to state a claim upon which relief can be granted. *Motion to Dismiss*, at 3-7. More specifically, defendants argue that the *Complaint* presents no real controversy or justiciable issue between the parties, does not allege actual injury by reason of the prison regulation in question and that

---

[2] Plaintiff attaches the disputed regulation to the *Amended Complaint*, Doc. No. 9, Exhibit F1. This regulation provides, in pertinent part, as follows:

> II. Purpose
> The purpose of this policy is to establish guidelines that ensure that inmates have adequate access to courts, attorneys, and legal research materials.
>
> \*   \*   \*   \*
>
> IV. Definitions
>
> \*   \*   \*   \*
>
> B. <u>Indigent Inmate</u>: An inmate is considered indigent if, during the 30 days immediately preceding the request, the inmate has earned or received less than $9.00; AND, if the inmate's account balance has not exceeded $9.00 at any time during the thirty (30) days immediately preceding the request.
>
> \*   \*   \*   \*
>
> Inmates shall have access to legal counsel by means of visitation, which will permit confidential communication, uncensored written correspondence, and telephone communication. Inmates shall have access to courts so that they may challenge their convictions, sentences, or the conditions of their confinement. Inmates who are foreign nationals shall have access to the diplomatic representative of their country of citizenship. Pursuing such legal matters shall not subject the inmate to reprisals or punishment of any sort.

plaintiff lacks standing to seek the requested relief. *Id*. Defendants specifically ask that the Court dismiss plaintiff's *Complaint* and certify that an appeal of this matter cannot be taken in good faith. *Motion to Dismiss*, at 3. *See also* 28 U.S.C. § 1915(a)(3).

Plaintiff responds that defendants' delay in sending out plaintiff's legal mail in litigation pending in the United States Court of Appeals for the Sixth Circuit, *Ruff v. Brunsman, et al.*, No. 06-4202, supports his contention that defendants have denied him access to the courts. *Plaintiff's Response to Defendant's Motion to Dismiss*, Doc. No. 11 ("*Plaintiff's Response*"), at 1-2. In opposing the *Motion to Dismiss*, plaintiff also cites to the *Amended Complaint*, filed on April 20, 2007, which adds no new claims or parties, but which contained additional documents and detail.[3] *Id*. at 1. Defendants moved to dismiss the *Amended Complaint* on the same grounds as the *Complaint*. *Defendants' Motion to Dismiss Amended Complaint*, Doc. No. 10 ("*Motion to Dismiss Amended Complaint*"), at 3. Plaintiff filed a response to that motion, arguing that the filing of the *Amended Complaint* was authorized, but making no additional legal argument to support his access to the courts claim. *Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Amended Complaint*, Doc. No. 13.

## II. STANDARD OF REVIEW

---

[3]Plaintiff's *Amended Complaint* describes in detail the administrative steps that he took before filing the instant action. *Amended Complaint*, at 2-3. The exhibits attached to the *Amended Complaint* are copies of documents related to those administrative steps. *Amended Complaint*, Exhibits A1-G. Defendants contend that the *Amended Complaint* "is merely documentation which he [plaintiff] believes supports his claim of denial of access to the courts." *Defendants' Motion to Dismiss Amended Complaint*, Doc. No. 10 ("*Motion to Dismiss Amended Complaint*"), at 2. In support of this contention, defendants cite to the *Amended Complaint* wherein plaintiff acknowledges that he submits the *Amended Complaint* "to support the plaintiff's claim of being denied access to the courts[.]" *Id*. (quoting *Amended Complaint*, at 2). Defendants' argument is well-taken. In light of the additional detail, exhibits and plaintiff's own characterization, the Court will construe the *Amended Complaint* as merely a supplement to his *Complaint*.

3

Defendants move to dismiss plaintiff's *Complaint* for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint. *Roth Steel Prod. v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983); *Carter v. Welles-Bowen Realty, Inc.*, 493 F. Supp. 2d 921, 923 (S.D. Ohio 2007). In determining whether dismissal on this basis is appropriate, the complaint must be construed in the light most favorable to the plaintiff, and all well-pleaded facts must be accepted as true. *See Bower v. Federal Express Corp.,* 96 F.3d 200, 203 (6th Cir. 1996); *Misch v. The Cmty. Mutual Ins. Co.,* 896 F. Supp. 734, 738 (S.D. Ohio 1994). Recently, the Supreme Court of the United States explained that, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007). However, a plaintiff's ground for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*. at 1965. Accordingly, a complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

### III. DISCUSSION

Plaintiff alleges that defendants violated his constitutional right of access to the courts. *Complaint*, at 3. *See also* U.S. CONST. amend. I (protecting the right to "petition the Government for a redress of grievances"). Although prisoners enjoy a constitutional right of access to the courts, *Bounds v. Smith*, 430 U.S. 817, 821 (1977), that right is not without limit, *Lewis v. Casey*, 518 U.S. 343, 349 (1996). The United States Court of Appeals for the Sixth

4

Circuit explains that the constitutional right "is not a generalized right to litigate but a carefully-bounded right":

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (citing *Lewis*, 518 U.S. at 355).  "Thus, a prisoner's right to access the courts extends to direct appeals, *habeas corpus* applications, and civil rights claims only." *Id*.  Finally, a plaintiff-prisoner claiming denial of his right of access to courts must show that he suffered an "actual injury" which was caused by more than mere negligence on the part of prison officials.  *Lewis*, 518 U.S. at 349; *Simkins v. Bruce*, 406 F.3d 1239, 1242 (10th Cir. 2005) ("[W]hen access to courts is impeded by mere negligence, as when legal mail is inadvertently lost or misdirected, no constitutional violation occurs.").  *Cf. Gibbs v. Hopkins*, 10 F.3d 373, 379 (6th Cir. 1993) (noting that prison officials' negligent failure to conduct a monthly review would not be actionable).

Plaintiff argues generally that the challenged prison regulation, which prohibits inmates without funds from sending legal mail unless the inmates are determined to be indigent as defined by the regulation, violates his constitutional right of access to the courts and the rights of other inmates.  *Complaint*, at 2-3; *Plaintiff's Response*, at 2-3.  Plaintiff contends that he and all inmates should be permitted to incur a negative balance in their prison accounts, particularly because inmates are permitted to incur a negative balance for other expenditures, including the

purchase of personal items or for special events. *Complaint*, at 3; *Plaintiff's Response*, at 2. Plaintiff does not contend that he is indigent, but he argues that defendants' alleged delay in sending out legal mail rendered his appeal "subject" to dismissal. *Plaintiff's Response*, at 1-2. However, plaintiff concedes that, ultimately, "his appeal was granted to proceed." *Id*. at 2. Thus, by plaintiff's own admission, he did not suffer an "actual injury" as a result of defendants' alleged delay. Under these circumstances, plaintiff's claim of denial of access to the courts cannot proceed. Similarly, plaintiff's general conclusory allegations that other inmates suffered injury as a result of defendants' "refus[al] to send" legal mail are equally unpersuasive. *Plaintiff's Response*, at 2. *See also Twombly*, 127 S.Ct. at 1964-65; *Campbell v. Curtis*, 859 F.2d 152 (6th Cir. 1988). In any event, plaintiff lacks standing to assert the claims of other inmates. *See, e.g., Warth v. Seldin,* 422 U.S. 490, 499 (1975)("[T]his Court has held that the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.").

It is therefore **RECOMMENDED** that *Defendants' Motion to Dismiss*, Doc. No. 8, be **GRANTED** and that *Defendants' Motion to Dismiss Amended Complaint*, Doc. No. 10, be **DENIED** as moot. It is further **RECOMMENDED** that the Court certify that an appeal in this case would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is

made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636 (b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


October 15, 2007                                      s/Norah McCann King
                                                     Norah McCann King
                                                     United States Magistrate Judge