IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


ANTHONY C. RUFF,

    **Plaintiff,**

vs.             Civil Action 2:07-CV-007
                Judge Marbley
                Magistrate Judge King
TERRY COLLINS, ODRC
DIRECTOR, *et al.*,

    **Defendants.**

## OPINION AND ORDER

  Plaintiff, a state prisoner, alleges that a prison regulation, 59-LEG-01,[1] (which prohibits

---

[1] Plaintiff attaches the disputed regulation to the *Amended Complaint*, Doc. No. 9, Exhibit F1. This regulation provides, in pertinent part, as follows:

  II.  Purpose
  The purpose of this policy is to establish guidelines that ensure that inmates have adequate access to courts, attorneys, and legal research materials.

  *  *  *  *

  IV.  Definitions

  *  *  *  *

  B.  <u>Indigent Inmate</u>: An inmate is considered indigent if, during the 30 days immediately preceding the request, the inmate has earned or received less than $9.00; AND, if the inmate's account balance has not exceeded $9.00 at any time during the thirty (30) days immediately preceding the request.

  *  *  *  *

Inmates shall have access to legal counsel by means of visitation, which will permit confidential communication, uncensored written correspondence, and telephone communication. Inmates shall have access to courts so that they may challenge their convictions, sentences, or the conditions of their confinement. Inmates who are foreign nationals shall have access to the diplomatic representative of their country of citizenship. Pursuing such legal matters shall not subject the inmate to reprisals or punishment of any sort.

inmates without funds from sending legal mail unless the inmates are determined to be indigent as defined by that regulation) violates the constitutional right of access to the courts to which plaintiff and other inmates are entitled. On October 15, 2007, the United States Magistrate Judge issued a *Report and Recommendation* recommending that *Defendants' Motion to Dismiss*, Doc. No. 8, be granted, that *Defendants' Motion to Dismiss Amended Complaint*, Doc. No. 10, be denied as moot and that the Court certify that an appeal in this case would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Doc. No. 14. This matter is now before the Court on plaintiff's objections to that *Report and Recommendation*, Doc. No. 16, which the Court will consider *de novo*. 28 U.S.C. §636(b).

The *Report and Recommendation* reasoned that, because plaintiff failed to allege that he suffered an actual injury by operation of the regulation, he failed to allege a denial of his constitutional right of access to the courts. *See Lewis v. Casey,* 518 U.S. 343, 349 (1996). In his objection, plaintiff does not dispute that reasoning, but argues only that the challenged regulation fails to satisfy the standards of *Turner v. Safley,* 482 U.S. 78, 89 (1987) ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.").

The flaw in plaintiff's argument is that, as the *Report and Recommendation* noted, application of the challenged regulation to him did not cause actual injury to him and therefore did not give rise to a constitutional deprivation. Under these circumstances, the analysis articulated by *Turner v. Safley* is simply inapposite.

Having considered *de novo* the *Report and Recommendation* and plaintiff's objections thereto, the Court **DENIES** plaintiff's objections. The *Report and Recommendation* is

**ADOPTED and AFFIRMED.** *Defendants' Motion to Dismiss,* Doc. No. 8, is **GRANTED** and *Defendant's Motion to Dismiss the Amended Complaint,* Doc. No. 10, is **DENIED** as moot. The Clerk shall enter **FINAL JUDGMENT** in this case. Furthermore, the Court **DECLINES** to certify that an appeal would be taken in good faith. *See* 28 U.S.C. §1915(a)(3).

                                                   <u>s/Algenon L. Marbley</u>
                                                     Algenon L. Marbley
                                              United States District Judge